IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LDM GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| CATALINA MARKETING | ) |
| CORPORATION, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff LDM Group, LLC ("LDM Group"), by and through its attorneys, and for its Complaint against Catalina Marketing Corporation ("Catalina"), states as follows:

### PARTIES

1.  Plaintiff LDM Group, LLC ("Plaintiff" or "LDM Group") is a Missouri limited liability company with its principal place of business at 10845 Olive Boulevard, Suite 308, St. Louis, Missouri 63141.

2.  Defendant Catalina Marketing Corporation ("Defendant" or "Catalina") is a Delaware corporation with its principal place of business at 200 Carillon Parkway, St. Petersburg, Florida 33716.

3.  Catalina is doing business in the State of Missouri and this judicial district by regularly offering goods and/or services to Missouri residents, and operating a regional sales office in St. Louis, Missouri, constituting the transaction of business in this state. Catalina has

additionally caused injury and economic harm to LDM Group by false advertising and engaging in unfair trade practices, among other things, constituting the commission of tortious acts in this judicial district.

## JURISDICTION AND VENUE

4. This matter raises a federal question arising under the laws of the United States, specifically, the Lanham Act, 15 U.S.C. § 1125(a). The Court has jurisdiction over this case under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).

5. This Court has jurisdiction over the state law and common law claims under 28 U.S.C. § 1367 in that the state law and common law claims are so related to the other claims in the action that they form part of the same cause or controversy.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events giving rise to the claims occurred in this judicial district and Catalina is subject to personal jurisdiction in this judicial district.

## GENERAL ALLEGATIONS

7. Both LDM Group and Catalina are in the business of electronically delivering data for prescription drugs to retail pharmacies for printing and distribution to patients when a prescription is dispensed. The specific content of the data is electronically triggered and printed based on elements of the particular prescription drug being dispensed.

8. The deliverable data includes customized advertisements, coupons, and/or therapeutically relevant information.

9. Upon information and belief, Catalina represents to its prescription drug manufacturing customers and potential customers that among the data it is able to deliver and print at retail pharmacies, and indeed does deliver and print at retail pharmacies, is FDA required

information relating to side effects, contraindications, and effectiveness of certain prescription drugs ("Brief Summary").

10. Upon information and belief, Catalina includes in its sales and marketing presentations to potential customers assurances that the data it delivers includes the Brief Summary when indicated and otherwise warrants and represents to prescription drug manufacturers that content, including the Brief Summary, will be delivered to the retail pharmacy and will be printed adjacent to the advertising material.

11. Despite its representations that it can, will, and does deliver and print the Brief Summary when indicated at retail pharmacies, upon information and belief, the technology used by Catalina to electronically deliver the data does not deliver and ensure printing of the entirety of the Brief Summary in all instances.

12. Upon information and belief, contrary to its representations and assurances to its customers and potential customers, Catalina has not, and does not, in all instances include content for the Brief Summary in the data sent by it to retail pharmacies.

13. Upon information and belief, contrary to its representations and assurances to its customers and potential customers, Catalina has not, and does not, in all instances ensure that the Brief Summary is available and printed with the advertising material provided at certain retail pharmacies.

14. Information contained within a Brief Summary is voluminous and in nearly all cases requires printing at least a second page and in many cases multiple pages in addition to the prescription drug advertisement. Failure or inability to deliver and print the Brief Summary as represented and promised therefore creates significant cost savings for Catalina, in that the retail

3

pharmacies increase the price for printing when additional page(s) are included with the prescription drug advertisement.

15. Upon information and belief, Catalina realizes an unfair competitive advantage and significant cost savings due to its failure to fulfill its own representations and assurances that it will deliver and ensure printing of the Brief Summary.

16. The realization of a significant cost savings through its failure to comply with its representations in commerce gives Catalina an unfair competitive advantage in the market place which violates federal and state law.

## COUNT I
### Lanham Act, 15 U.S.C. sec. 1125(a)(1)(B)
### Unfair Competition based upon
### False and/or Misleading Representations and Advertising

17. Plaintiff realleges the above paragraphs 1-16, inclusive, which are incorporated by reference as if fully set forth herein.

18. Catalina falsely and/or misleadingly represents to the pharmaceutical manufacturing industry that it provides a deliverable to be printed at a retail pharmacy and handed to a patient at the time a prescription is filled which includes the Brief Summary, when it does not.

19. Catalina's representations are literally false or are otherwise a failure to disclose a material fact.

20. Such representations of fact, undertaken in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Catalina's goods, services, and/or commercial activities and are false and misleading, in that Catalina has not and does not ensure delivery and printing of the Brief Summary along with prescription drug advertisements as advertised by Catalina in all instances.

4

21. The above mentioned false and/or misleading advertising and representations have deceived and have a tendency to deceive a substantial segment of the pharmaceutical manufacturing and/or retail industry to which they are directed.

22. The deception is material and has influenced, and will continue to influence, purchasing decisions of pharmaceutical manufacturers and retailers.

23. Catalina has caused its false and/or misleading advertisements and representations to enter interstate commerce in that it provides its services nationwide.

24. Catalina realizes a significant cost savings and competitive advantage due to its false and/or misleading advertising and representations.

25. Catalina's false and misleading representations regarding printing of the Brief Summary are acts of false advertising and unfair competition in violation of Section 43(a) of the Lanham Act.

26. The acts of Catalina have been committed with intent to cause confusion and mistake, and with knowledge of their wrongful nature.

27. The false advertising and unfair trade practices by Catalina are intentional and willful.

28. As a direct and proximate result of Catalina's actions, LDM Group has been and will continue to be severely injured in its business and property through lost contracts, profits and otherwise that would have been available to LDM Group had Catalina accurately and truthfully represented its inability and/or failure to provide the Brief Summary as part of its deliverable content and ensure that the Brief Summary is printed when indicated.

29. In addition to the injury to LDM Group and other competitors in the industry, as a direct and proximate result of Catalina's actions, the public will be harmed and negatively

affected in that it is not receiving important patient safety information contained within the Brief Summary and related to prescription drugs as required and suggested by the FDA and promised to the drug manufacturers.

30. The injury is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate LDM Group for its injuries.

31. Plaintiff lacks an adequate remedy at law.

### Count II
### Common Law False Advertising/Unfair Competition

32. Plaintiff realleges the above paragraphs 1-31, inclusive, which are incorporated by reference as if fully set forth herein.

33. Catalina falsely advertises and misrepresents that it delivers and ensures the printing of the FDA required and otherwise advertised Brief Summary relating to patient medication and drug therapy, when it does not.

34. These acts are false and misleading and are acts of unfair competition in violation of state common law.

35. The acts of Catalina have been committed with the intent to cause confusion and mistake, and with knowledge of their wrongful nature.

36. The false advertising and unfair trade practices by Catalina are intentional and willful and Catalina intends for its consuming public to rely on such false advertising and unfair practices.

37. Plaintiff has been and will continue to be severely injured in its business and property on account of Catalina's conduct.

38. The injury is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

39. Plaintiff lacks an adequate remedy at law.

### Count III
### Unfair Methods of Competition in Violation of
### Fla. Stat. § 501.201, *et seq.*

40. Plaintiff realleges the above paragraphs 1-39, inclusive, which are incorporated by reference as if fully set forth herein.

41. Catalina is a Florida-based company that falsely advertises and misrepresents in interstate commerce that it delivers and ensures the printing of the FDA required and otherwise advertised Brief Summary relating to patient medication and drug therapy, when it does not.

42. Advertising and representing that it ensures the delivery and printing of the Brief Summary when it does not in all instances is a deceptive act and method of unfair competition in violation of the Florida Deceptive and Unfair Trade Practices Act (the "Act").

43. The violations of the Act by Catalina are intentional and willful.

44. Plaintiff has been and will continue to be severely injured in its business and property on account of Catalina's conduct.

45. The injury is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

46. Plaintiff lacks an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, LDM Group, LLC prays for a judgment against Catalina Marketing Corporation as follows:

- A. Monetary damages sufficient to compensate LDM Group for losses sustained on account of Catalina's unlawful conduct as alleged herein;
- B. For a preliminary and permanent injunction prohibiting Catalina, its officers, agents, servants, employees and attorneys and all persons in active concert or participation with any of them, from falsely advertising or making misleading representations related to patient medication and drug therapy;
- C. For a declaratory judgment that the acts and practices of Catalina are unlawful;
- D. For punitive and/or treble damages in accordance with applicable law;
- E. For costs of suit and reasonable attorneys' fees pursuant to applicable law; and
- F. For such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff LDM Group, LLC hereby demands a trial by jury on all claims for which it has such a right.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: /s/ Frank B. Janoski
    Frank B. Janoski, #3480
    Bridget Hoy, #109375

500 North Broadway, Suite 2000
St. Louis, Missouri  63101
Telephone:  314-444-7600
Fax:  314-241-6056
Email:   fjanoski@lewisrice.com
         bhoy@lewisrice.com

ATTORNEYS FOR PLAINTIFF