THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LDM GROUP, LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CATALINA MARKETING CORPORATION,<br><br>　　　　Defendant. | Case No. 4:08-CV-01425-ERW<br><br>JURY DEMANDED |

## CATALINA MARKETING CORPORATION'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CATALINA MARKETING CORPORATION ("CATALINA"), for its Answer and Affirmative Defenses to the Complaint filed by LDM GROUP, LLC ("LDM"), states as follows:

## PARTIES

1. Plaintiff LDM Group, LLC ("Plaintiff" or "LDM Group") is a Missouri limited liability company with its principal place of business at 10845 Olive Boulevard, Suite 308, St. Louis, Missouri 63141.

    **ANSWER:**    Admitted.

2. Defendant Catalina Marketing Corporation ("Defendant" or "Catalina") is a Delaware corporation with its principal place of business at 200 Carillon Parkway, St. Petersburg, Florida 33716.

    **ANSWER:**    Admitted.

3. Catalina is doing business in the State of Missouri and this judicial district by regularly offering goods and/or services to Missouri residents, and operating a regional sales office in St. Louis, Missouri, constituting the transaction of business in this state. Catalina has

2996671

additionally caused injury and economic harm to LDM Group by false advertising and engaging in unfair trade practices, among other things, constituting the commission of tortious acts in this judicial district.

**ANSWER:** Catalina admits that it does business in the state of Missouri and this judicial district. Catalina further admits that it has a regional office located in St. Louis, Missouri. Catalina denies that it has engaged in false advertising, unfair trade practices, or any other tortious act in this district. Catalina denies the remaining allegations in this Paragraph.

## JURISDICTION AND VENUE

4. This matter raises a federal question arising under the laws of the United States, specifically, the Lanham Act, 15 U.S.C. § 1125(a). The Court has jurisdiction over this case under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).

    **ANSWER:** Catalina admits that this purports to be an action for false advertising under the Lanham Act. While Catalina does not contest subject matter jurisdiction, the allegations of this Paragraph relating to jurisdiction are legal conclusions to which no answer is required or made.

5. This Court has jurisdiction over the state law and common law claims under 28 U.S.C. § 1367 in that the state law and common law claims are so related to the other claims in the action that they form part of the same cause or controversy.

    **ANSWER:** While Catalina does not contest subject matter jurisdiction, the allegations of this Paragraph relating to jurisdiction are legal conclusions to which no answer is required or made. Catalina further lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph which allegations are, therefore, denied.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events giving rise to the claims occurred in this judicial district and Catalina is subject to personal jurisdiction in this judicial district.

    **ANSWER:** Catalina contests venue based on the "first-filed" rule and 28 U.S.C. § 1404(a). Catalina's arguments in support of transferring this case to the Eastern District of

Texas are set forth in its motion to transfer or alternatively to stay filed contemporaneously herewith.  For the purposes of this Answer, Catalina states that the allegations of this Paragraph relating to venue are legal conclusions to which no answer is required or made.

## GENERAL ALLEGATIONS

7.  Both LDM Group and Catalina are in the business of electronically delivering data for prescription drugs to retail pharmacies for printing and distribution to patients when a prescription is dispensed.  The specific content of the data is electronically triggered and printed based on elements of the particular prescription drug being dispensed.

**ANSWER:**  Catalina admits that it offers, promotes, sells, and maintains a system for the delivery of printed messages to pharmacy patients under the name and trademark Patient*Link*.  Catalina lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph which allegations are, therefore, denied.

8.  The deliverable data includes customized advertisements, coupons, and/or therapeutically relevant information.

**ANSWER:**  Catalina admits that its Patient*Link* messages include, among other things, information concerning the patient's prescription as well as other messages from pharmaceutical manufacturers.  Catalina lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph which allegations are, therefore, denied.

9.  Upon information and belief, Catalina represents to its prescription drug manufacturing customers and potential customers that among the data it is able to deliver and print at retail pharmacies, and indeed does deliver and print at retail pharmacies, is FDA required information relating to side effects, contraindications, and effectiveness of certain prescription drugs ("Brief Summary").

**ANSWER:**  Catalina admits that it makes representations to its customers and potential customers in connection with its Patient*Link* system.  Catalina denies that such information is, in some or all instances, regarded by the FDA as a "Brief Summary."  For the purposes of this

Answer, Catalina states that the allegations of this Paragraph relating to the requirements of the FDA, including the allegations regarding the so-called "FDA required" "Brief Summary" are legal conclusions to which no answer is required or made. Catalina denies the remaining allegations in this Paragraph.

10. Upon information and belief, Catalina includes in its sales and marketing presentations to potential customers assurances that the data it delivers includes the Brief Summary when indicated and otherwise warrants and represents to prescription drug manufacturers that content, including the Brief Summary, will be delivered to the retail pharmacy and will be printed adjacent to the advertising material.

**ANSWER:** Catalina admits that it makes representations to prescription drug manufacturers that certain content will be delivered to and in the retail pharmacy. For the purposes of this Answer, Catalina states that the allegations of this Paragraph relating to the requirements of the FDA, including the allegations regarding the "Brief Summary" are legal conclusions to which no answer is required or made. Catalina denies the remaining allegations set forth in this Paragraph.

11. Despite its representations that it can, will, and does deliver and print the Brief Summary when indicated at retail pharmacies, upon information and belief; the technology used by Catalina to electronically deliver the data does not deliver and ensure printing of the entirety of the Brief Summary in all instances.

**ANSWER:** For the purposes of this Answer, Catalina states that the allegations of this Paragraph relating to the requirements of the FDA, including the allegations regarding the "Brief Summary" are legal conclusions to which no answer is required or made. Catalina denies the remaining allegations set forth in this Paragraph.

12. Upon information and belief, contrary to its representations and assurances to its customers and potential customers, Catalina has not, and does not, in all instances include content for the Brief Summary in the data sent by it to retail pharmacies.

4

**ANSWER:** For the purposes of this Answer, Catalina states that the allegations of this Paragraph relating to the requirements of the FDA, including the allegations regarding the "Brief Summary" are legal conclusions to which no answer is required or made. Catalina denies the remaining allegations set forth in this Paragraph.

13. Upon information and belief, contrary to its representations and assurances to its customers and potential customers, Catalina has not, and does not, in all instances ensure that the Brief Summary is available and printed with the advertising material provided at certain retail pharmacies.

    **ANSWER:** Catalina denies that all "branded messages from pharmaceutical manufacturers" in Patient*Link* are regarded by the FDA as "advertisements." For the purposes of this Answer, Catalina states that the allegations of this Paragraph relating to the requirements of the FDA, including the allegations regarding the "Brief Summary" are legal conclusions to which no answer is required or made. Catalina lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph which are, therefore, denied.

14. Information contained within a Brief Summary is voluminous and in nearly all cases requires printing at least a second page and in many cases multiple pages in addition to the prescription drug advertisement. Failure or inability to deliver and print the Brief Summary as represented and promised therefore creates significant cost savings for Catalina, in that the retail pharmacies increase the price for printing when additional page(s) are included with the prescription drug advertisement.

    **ANSWER:** Catalina admits that the information contained in what the Plaintiff refers to as a "Brief Summary" may be voluminous for some prescription drugs. Catalina lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph which are, therefore, denied.

5

15. Upon information and belief, Catalina realizes an unfair competitive advantage and significant cost savings due to its failure to fulfill its own representations and assurances that it will deliver and ensure printing of the Brief Summary.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

16. The realization of a significant cost savings through its failure to comply with its representations in commerce gives Catalina an unfair competitive advantage in the market place which violates federal and state law.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

## COUNT I

### Lanham Act 15 U.S.C. sec. 1125 (a)(1)(B)
### Unfair Competition based upon
### False and/or Misleading Representations and Advertising

17. Plaintiff realleges the above paragraphs 1-16, inclusive, which are incorporated by reference as if fully set forth herein.

    **ANSWER:** Catalina restates and realleges Paragraphs 1 through 16 of its Answer as if

fully set forth herein.

18. Catalina falsely and/or misleadingly represents to the pharmaceutical manufacturing industry that it provides a deliverable to be printed at a retail pharmacy and handed to a patient at the time a prescription is filled which includes the Brief Summary, when it does not.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

19. Catalina's representations are literally false or are otherwise a failure to disclose a material fact.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

20. Such representations of fact, undertaken in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Catalina's goods, services, and/or commercial activities and are false and misleading, in that Catalina has not and does not ensure delivery and printing of the Brief Summary along with prescription drug advertisements as advertised by Catalina in all instances.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

21. The above mentioned false and/or misleading advertising and representations have deceived and have a tendency to deceive a substantial segment of the pharmaceutical manufacturing and/or retail industry to which they are directed.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

22. The deception is material and has influenced, and will continue to influence, purchasing decisions of pharmaceutical manufacturers and retailers.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

23. Catalina has caused its false and/or misleading advertisements and representations to enter interstate commerce in that it provides its services nationwide.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

24. Catalina realizes a significant cost savings and competitive advantage due to its false and/or misleading advertising and representations.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

25. Catalina's false and misleading representations regarding printing of the Brief Summary are acts of false advertising and unfair competition in violation of Section 43(a) of the Lanham Act.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

26. The acts of Catalina have been committed with intent to cause confusion and mistake, and with knowledge of their wrongful nature.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

27. The false advertising and unfair trade practices by Catalina are intentional and willful.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

28. As a direct and proximate result of Catalina's actions, LDM Group has been and will continue to be severely injured in its business and property through lost contracts, profits and otherwise that would have been available to LDM Group had Catalina accurately and truthfully represented its inability and/or failure to provide the Brief Summary as part of its deliverable content and ensure that the Brief Summary is printed when indicated.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

29. In addition to the injury to LDM Group and other competitors in the industry, as a direct and proximate result of Catalina's actions, the public will be harmed and negatively affected in that it is not receiving important patient safety information contained within the Brief Summary and related to prescription drugs as required and suggested by the FDA and promised to the drug manufacturers.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

30. The injury is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate LDM Group for its injuries.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

31. Plaintiff lacks an adequate remedy at law.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

## COUNT II

### Common Law False Advertising/Unfair Competition

32. Plaintiff realleges the above paragraphs 1-31, inclusive, which are incorporated by reference as if fully set forth herein.

    **ANSWER:** Catalina restates and realleges Paragraphs 1 through 31 of its Answer as if fully set forth herein.

33. Catalina falsely advertises and misrepresents that it delivers and ensures the printing of the FDA required and otherwise advertised Brief Summary relating to patient medication and drug therapy, when it does not.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

34. These acts are false and misleading and are acts of unfair competition in violation of state common law.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

35. The acts of Catalina have been committed with the intent to cause confusion and mistake, and with knowledge of their wrongful nature.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

36. The false advertising and unfair trade practices by Catalina are intentional and willful and Catalina intends for its consuming public to rely on such false advertising and unfair practices.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

37. Plaintiff has been and will continue to be severely injured in its business and property on account of Catalina's conduct.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

38. The injury is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

39. Plaintiff lacks an adequate remedy at law.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

## COUNT III

### Unfair Methods of Competition in Violation of
### Fla. Stat. § 510.201, *et seq.*

40. Plaintiff realleges the above paragraphs 1-39, inclusive, which are incorporated by reference as if fully set forth herein.

    **ANSWER:** Catalina restates and realleges Paragraphs 1 through 39 of its Answer as if set forth fully herein.

41. Catalina is a Florida-based company that falsely advertises and misrepresents in interstate commerce that it delivers and ensures the printing of the FDA required and otherwise advertised Brief Summary relating to patient medication and drug therapy, when it does not.

    **ANSWER:** Catalina admits that it has a principal place of business located in St. Petersburg, Florida. Catalina denies the remaining allegations set forth in this Paragraph.

42. Advertising and representing that it ensures the delivery and printing of the Brief Summary when it does not in all instances is a deceptive act and method of unfair competition in violation of the Florida Deceptive and Unfair Trade Practices Act (the "Act").

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

43. The violations of the Act by Catalina are intentional and willful.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

44. Plaintiff has been and will continue to be severely injured in its business and property on account of Catalina's conduct.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

45. The injury is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

    **ANSWER:** Catalina denies the allegations set forth in this Paragraph.

CHIC_3622714.4

46. Plaintiff lacks an adequate remedy at law.

**ANSWER:** Catalina denies the allegations set forth in this Paragraph.

## CATALINA'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

LDM's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE: UNCLEAN HANDS

LDM's claims are barred, in whole or in part, based on LDM's unclean hands. Specifically, LDM has derived knowledge concerning Catalina's advertising and promotion of its Patient*Link* product through the misappropriation of confidential information provided by former Catalina employee(s) who are now employed by LDM.

## THIRD AFFIRMATIVE DEFENSE: OTHER AFFIRMATIVE DEFENSES BASED ON LATER DISCOVERED EVIDENCE

Catalina presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Catalina reserves the right to assert additional affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure or any other defenses, in law or in equity, that may exist or in the future be available based on the discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Catalina prays for entry of judgment:

A. That LDM's Complaint be dismissed in its entirety, and that LDM take nothing thereby;

B. That Catalina be awarded its costs incurred herein;

11

    C.    That Catalina be awarded its attorney's fees pursuant to 15 U.S.C. 1117; and

    D.    For such other and further relief as the Court determines to be reasonable and just.

Dated:  November 24, 2008

Respectfully submitted,

/s/ Bettina J. Strauss
Bettina J. Strauss #41086
Jason A. Kempf #1156679
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Tel:  (314) 259-2000
Fax:  (314) 259-2020
E-mail:  bjstrauss@bryancave.com

**Of Counsel:**
Sharon R. Barner (pro hac vice pending)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, IL 60654-5313
Tel:  (312) 832-4500
Fax:  (312) 832-4700

**ATTORNEYS FOR DEFENDANT
CATALINA MARKETING
CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served electronically through the ECF to the following attorneys of record this 24th day of November, 2008:

    Frank B. Janoski, Esq.
    Bridget Hoy, Esq.
    LEWIS, RICE & FINGERSH, LC
    500 North Broadway, Suite 2000
    St. Louis MO  63101

/s/ Bettina J. Strauss

12

CHIC_3622714.4