UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LDM GROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:08CV01425 ERW |
| CATALINA MARKETING CORPORATION, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Catalina Marketing Corporation's Motion to Transfer Venue, or In the Alternative, to Stay This Case [doc. #9].

**I. BACKGROUND**[1]

Plaintiff LDM Group, LLC ("LDM") filed suit against Defendant Catalina Marketing Corporation ("Catalina"), alleging unfair competition and false advertising claims under the Lanham Act, the Florida Deceptive and Unfair Trade Practices Act, and Missouri common law. Generally, LDM claims that Catalina has made false and misleading representations to the pharmaceutical industry by providing retailers with technology that fails to deliver and print certain data as represented by Catalina. LDM contends that this practice provides Catalina with a significant cost savings and a competitive advantage and, as a result, has caused LDM to suffer injury to its business and property.

---

[1] The Court's recitation of the background facts is taken from LDM's Complaint [doc. #1].

## II. PROCEDURAL HISTORY

Prior to the commencement of this case, on November 1, 2007, Catalina filed suit against LDM in the United States District Court for the Eastern District of Texas, Marshall Division, alleging patent infringement of Catalina's Patient*Link* product (hereinafter, "the Texas Case").[2] In the Texas Case, LDM filed a motion to dismiss, or in the alternative, to transfer venue to this Court. This motion was denied by the Texas Court. (Catalina Exhibit 5 to Mtn. to Transfer, doc. #10-6).

On September 18, 2008, LDM filed its Complaint in this case, in the Eastern District of Missouri, alleging unfair competition and false advertising with respect to Catalina's Patient*Link* product. Catalina subsequently amended its Complaint in the Texas Case on November 21, 2008, to add a claim of false advertisement against LDM, based on alleged false or misleading representations made in connection with LDM's CarePoints product. Catalina also asked the Texas Court to issue a declaratory judgment finding that Catalina did not engage in false advertising under the Lanham Act, the Florida Deceptive and Unfair Trade Practices Act, or Missouri common law. These are precisely the same issues raised by LDM in its Complaint in this case; Catalina apparently even attached LDM's Complaint in this case as an exhibit to its Amended Complaint in the Texas Case. (Catalina Exhibit 1 to Mtn. to Transfer, doc. #10-2).

On November 24, 2008 Catalina filed both its Answer [doc. #8] to LDM's Complaint in this case and the instant Motion to Transfer Venue, or In the Alternative, to Stay This Case [doc. #9] (hereinafter, "Motion to Transfer"). After both Parties submitted their Briefs with respect to

---

[2]The Texas Case is presently entitled Catalina Marketing Corporation v. LDM Group LLC, and the case number is 2:07-cv-477.

the pending Motion, Judge T. John Ward, of the Eastern District of Texas, issued an Order striking Counts III, IV, and V of Catalina's First Amended Complaint in the Texas Case. These were the same Counts that requested declaratory judgment with respect to LDM's claims in this case. (LDM Exhibit 2 to Supp. Memo., doc. #17-2).

## III. DISCUSSION

Defendants move to transfer this action to the Eastern District of Texas under the first-filed rule or pursuant to 28 U.S.C. § 1404(a), or alternatively, to stay the proceeding until the final outcome of the case pending in the Eastern District of Texas.

### A. FIRST-FILED RULE

Catalina first argues that the issues raised in this case are substantially similar to the issues presented in the Texas Case, and because the Texas Case was filed before this case, the first-filed rule should apply and this case should be transferred to the Eastern District of Texas.

"To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). The rule "is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice." *Id.* at 1005 (quoting *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990) (internal citation omitted)). The current standard is that "in the absence of compelling circumstances the first-filed rule should apply." *Id.* at 1005 (internal citation omitted). However, district courts enjoy wide discretion in applying the first-filed rule. *See id.* at 1004.

As noted by the Eighth Circuit in *Northwest Airlines*, the first-filed rule only applies "when *parallel* litigation has been instituted in separate courts." 989 F.2d at 1006. Although it appears that the Eighth Circuit has not set forth a precise definition of "parallel litigation," courts in other Circuits have addressed the issue. Generally, two cases are considered to be "parallel" when they involve essentially identical or substantially similar parties and issues. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (requiring "nearly identical parties and issues" for the first-filed rule to apply); *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984) (first-filed rule applies "[w]here identical suits are pending in two courts"); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) (considering whether there is a "likelihood of substantial overlap between the two suits"). "While some courts require identity of issues, others find the parallelism requirement is satisfied by *substantially* the same parties litigating *substantially* the same issues. Even so, all courts appear to agree that mere commonality of subject matter does not amount to the contemporary exercise of concurrent jurisdictions." *Gries v. Standard Ready Mix Concrete, L.L.C.*, 2007 WL 1970979, at *3 (N.D. Iowa July 3, 2007) (internal quotations and citations omitted).

In this case, the Court finds that the first-filed rule is inapplicable because there is not "parallel litigation" in two separate courts. LDM's Complaint in this case alleges unfair competition and false advertising claims under the Lanham Act, violation of the Florida Deceptive and Unfair Trade Practices Act, and Missouri common law false advertising and unfair competition claims, with respect to Catalina's Patient*Link* product. Catalina's Amended

4

Complaint in the Texas Case[3] alleges patent infringement and false advertising claims under the Lanham Act, with respect to LDM's CarePoints product.[4] While there is a commonality of subject matter in that both cases involve false advertising claims under the Lanham Act, the Texas Case deals with such claims with respect to LDM's CarePoints product. The lawsuit filed by LDM in this District presents entirely different issues because it deals with false advertising claims with respect to another product, Catalina's Patient*Link* product. This Court's determination of whether Catalina engaged in false advertising regarding its Patient*Link* product is wholly unrelated to the Texas Court's determination of whether LDM Group engaged in false advertising or patent infringement with its CarePoints product. Thus, the issues presented by these lawsuits are not identical and the litigation pending in this Court and in the Eastern District of Texas cannot be considered "parallel."[5] *See Rooster Prods. Int'l, Inc. v. Custom Leathercraft Mfg. Co.*, 2005 WL 357657, at *2-*3 (W.D. Tex. 2005).

---

[3]The Court notes that the Parties dispute whether the additional claims made by Catalina in its Amended Complaint in the Texas Case can "relate back" to the filing date of the initial patent infringement case. Both Parties cite persuasive authority in support of their arguments. However, it is unnecessary to address this dispute, as the Court finds that there is no "parallel litigation," even when considering Catalina's Amended Complaint instead of its initial Complaint (claiming only patent infringement).

[4]The Amended Complaint initially included additional claims, in the form of a request for declaratory judgment. These involved the same issues presented in LDM's Complaint in this case. However, as previously noted, these Counts were stricken from Catalina's Amended Complaint by Order of Judge T. John Ward. (LDM Exhibit 2 to Supp. Memo., doc. #17-2).

[5]This finding is consistent with that of Judge Ward in the Texas Case. (LDM Exhibit 2 to Supp. Memo., doc. #17-2).

Because the Court finds that the lawsuit pending in this Court and the Texas Case are not "parallel," the Court declines to apply the first-filed rule to transfer this case to the Eastern District of Texas.

### B. TRANSFER UNDER 28 U.S.C. § 1404(a)

Catalina next argues that even if transfer is prevented under the first filed rule, transfer should be granted under 28 U.S.C. § 1404(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In applying this statute, courts generally focus on three factors when deciding whether to transfer a case to another court in which venue is proper: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *See Terra Int'l Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). However, § 1404(a) places discretion in the hands of the district courts to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Additionally, "[t]he party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

    1.    *Convenience of the Parties*

While the parties do not dispute that venue is proper in the Eastern District of Texas, Catalina and LDM disagree as to which forum is more convenient. LDM contends that Missouri is more convenient for litigation since LDM's operations, documents, and the majority of its employees are located in Missouri, along with its lead attorneys. Catalina argues that litigating in

Texas would be more convenient since there is already ongoing litigation between the two parties involving similar issues. Catalina expresses concern about the time and expense spent on duplication of discovery if this case is litigated in Missouri.

That LDM has its operations, the bulk of its employees, and its lead attorneys in Missouri is a factor weighing in favor of litigation in Missouri. On the other hand, Catalina sets forth a persuasive argument as to why the Eastern District of Texas would be a more convenient forum: because there is ongoing litigation in that forum that involves similar issues, there is potential for overlapping discovery. However, the Court finds that the two cases are sufficiently different such that the likelihood of duplication of effort and expense is minimal. Catalina has the burden of demonstrating inconvenience. The Court finds that the convenience of the parties factor weighs in favor of LDM and keeping the case in the Eastern District of Missouri.

2.   *Convenience of the Witnesses*

Next, the Court considers the convenience of the witnesses. *See Terra Int'l, Inc.*, 119 F.3d at 691. "The most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses." *Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 262 (W.D. Mo. 1980). The Court must consider "the number of potential witnesses located in or near a suggested forum," as well as "the nature and quality of their testimony in relationship to the issues of the case." *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 928 (W.D. Mo. 1985). Furthermore, the Court must determine "whether the witnesses can be compelled to testify, as live testimony of material nonparty witnesses is preferred." *Pansophic Systems, Inc v. Graphic Computer Service, Inc*. 736 F. Supp 878, 881 (N.D. Ill.1990).

7

Catalina's sole argument with respect to the convenience of the witnesses factor is that both this case and the Texas Case involve witness testimony regarding the products of both Catalina and LDM. Catalina asserts that it would be inconvenient for witnesses to have to testify twice. LDM, however, argues the opposite - that any duplication of discovery would be minimal. The Court agrees with LDM that the duplication of discovery would be minimal, considering that the case pending in this case involves Catalina's Patient*Link* product, while the Texas Case involves LDM's CarePoints product.

Moreover, Catalina bears the burden of demonstrating that the transferee forum, Texas, is more appropriate. *Chrysler Credit Corp.*, 928 F.2d at 1515. In addition, the party seeking to transfer the case has the duty to identify specific, essential witnesses and to make a general statement of what their testimony will cover. *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1122 (D. Minn. 1999); *see also* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3851 (3d ed. 1998) ("The party seeking the transfer must specify clearly, typically by affidavit, the key witnesses to be called and their location and must make a general statement of what their testimony will cover."). Catalina has failed to name any essential witnesses in its Motion to Transfer, and has failed to provide any identifiable information regarding witnesses for the Court to consider in determining this factor. LDM's Response to the Motion to Transfer pointed out this blatant failure. Despite this notification, Catalina again chose not to identify key witnesses for the Court in its Reply. The Court cannot weigh the factor of convenience of witnesses, in the absence of information on the subject. As such, the Court finds that Catalina has failed to demonstrate that the convenience of the witnesses factor favors transfer. *See, e.g.*, *Golden Trade, S.R.L. v. EV. R., Inc.*, 2007 WL 3071984, at *6

8

(E.D. Mo. Oct. 22, 2007); *Maritz Inc. v. C/Base, Inc.*, 2007 WL 433378, at *10 (E.D. Mo. Feb. 6, 2007).

      3.    *Interests of Justice*

Finally, the Court will analyze whether the interests of justice demand transfer to the Eastern District of Texas, as argued by Catalina. In analyzing the interests of justice factor, courts examine the following: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Terra Int'l Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). The Court will address only those factors that are relevant to this dispute.

Generally, a plaintiff's choice of forum is granted significant weight. *Id.* at 695. LDM, the plaintiff in this case, selected Missouri as the forum for its lawsuit against Catalina. While the Court agrees with Catalina that there are no obstacles to a fair trial in the Eastern District of Texas and that the Texas Court is capable of interpreting and applying the relevant law, the Court finds that Catalina has failed to make a showing that is substantial enough to overcome the deference afforded to a plaintiff's choice of forum.

With respect to judicial economy and the comparative costs to the parties, this Court finds that there would be little, if any, cost savings if this case were transferred to the Eastern District of Texas. As previously noted numerous times, this Court believes that the issues presented in this case are substantially different from the issues presented in the Texas Case and that any

overlap of issues or discovery will be minimal. As a result, any cost savings that would result from a transfer would also be minimal.

LDM chose to litigate in Missouri where its business is based and where most of its employees work. Because it is a small Missouri company, LDM argues that Missouri and its jurors have an interest in deciding the controversy surrounding LDM. While LDM is located in Missouri, Catalina pointedly notes that LDM's false advertising claims in this case are of national scope. This Court agrees with Catalina that residents of many states might be affected by the outcome of this case, however, this does not make the Eastern District of Texas a better or more appropriate forum than the Eastern District of Missouri. Thus, the Court finds that Catalina has failed to demonstrate that the interests of justice weighs in favor of transfer.

In considering convenience of the parties and witnesses, as well as the interests of justice, the Court finds that this case should not be transferred to the Eastern District of Texas under 28 U.S.C. § 1404(a).

### C.     MOTION TO STAY

Finally, Catalina requests that this Court stay this case, pending resolution of the Texas Case. Catalina argues that this case should be stayed in order to avoid the possibility of inconsistent holdings, noting that LDM is seeking affirmative relief for false advertising by Catalina in this Court, while Catalina seeks a declaratory judgment by the Texas Court that it has not engaged in false advertising. However, since Catalina made this argument, the Eastern District of Texas issued an Order striking Catalina's declaratory judgment claims from its Amended Complaint. (LDM Exhibit 2 to Supp. Memo., doc. #17-2). Thus, the issue of whether Catalina engaged in false advertising is now solely before this Court. Moreover, Catalina's claims

that remain in the Texas Case are entirely different from LDM's claims in this case. This Court's determination of whether Catalina engaged in false advertising regarding its Patient*Link* product is wholly unrelated to the Texas Court's determination of whether LDM Group engaged in false advertising or patent infringement with its CarePoints product. As a result, there is no longer a possibility of inconsistent holdings and Catalina's request for a stay will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Catalina Marketing Corporation's Motion to Transfer Venue, or In the Alternative, to Stay this Case [doc. #9] is **DENIED**.

Dated this 24th Day of June, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE